UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HOLLY JARVIS,

                            Plaintiff,

v.

ANTHONY WAGNER, et al.,            No. 5:25-CV-647
                                                   (BKS/PJE)

                            Defendants.

---

**APPEARANCES:**

Holly Jarvis
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

# REPORT-RECOMMENDATION AND ORDER[1]

## I. **In Forma Pauperis**

Plaintiff pro se Holly Jarvis ("plaintiff") commenced this action on May 21, 2025, by filing a complaint.[2] *See* Dkt. No. 1. Plaintiff also filed a motion seeking (1) "to compel the release of any bodycam footage or police records related to the incidents described in the complaint"; (2) "injunctive relief preventing defendants from engaging in any continued harassment with Plaintiff or her son"; and (3) an expedited schedule to adjudicate the

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(d).

[2] The undersigned notes that plaintiff has filed nine other actions with this Court. *See Jarvis v. City of Syracuse Police Department, et al.*, 5:25-CV-0228 (LEK/MJK); *Jarvis v. Funny Bone Comedy Club, et al.*, 5:25-CV-0645 (LEK/MJK); *Jarvis v. D'Angelo, et al.*, 5:25-CV-0648 (GTS/ML); *Jarvis v. Duell, et al.*, 5:25-CV-0843 (LEK/MJK); *Jarvis v. Petricola, et al.*, 5:25-CV-1166 (ECC/DJS); *Jarvis v. Knapp, et al.*, 5:25-CV-1167 (MAD/MJK); *Jarvis v. Glynn, et al.*, 5:25-CV-1168 (BKS/ML); *Jarvis v. Citizen Review Board of the City of Syracuse*, 5:25-CV-1169 (AMN/PJE).

matter. Dkt. No. 4. In lieu of paying this Court's filing fee, plaintiff submitted an application for leave to proceed in forma pauperis ("IFP"). *See* Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and determines that she financially qualifies to proceed IFP.[3] Pursuant to this review, the undersigned must now assess the merits of plaintiff's complaint pursuant to 28 U.S.C. §§ 1915, 1915A.[4]

## II. Initial Review

### A. Legal Standards

28 U.S.C. § 1915 directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted). As the Second Circuit stated,

> [t]here are many cases in which we have said that a pro se litigant is entitled to special solicitude, that a pro se litigant's submissions must be construed liberally, and that such submissions must be read to raise the strongest arguments

---

[3] Plaintiff is advised that although she has been granted IFP status, she is still required to pay any fees and costs they may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

[4] These requirements apply equally to non-prisoner pro se litigants. *See* N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A when an application to proceed in forma pauperis is filed.").

>that they suggest. At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted*); see also Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds pro se, . . . a court is obligated to construe his pleadings liberally.") (internal quotation marks and citations omitted). Thus, the Court is not required to accept unsupported allegations that are devoid of sufficient facts or claims. Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure."[5] *Kastner v. Tri State Eye*, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec.

---

[5] Hereafter, "Fed. R. Civ. P."

3

13, 2019) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).[6]  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction . . . and . . . a demand for the relief sought . . . ."  FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  FED. R. CIV. P. 8(d).

Further, Rule 10 provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]"  *Flores*, 189 F.R.D. at 55 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis

---

[6] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

4

for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citations omitted).

### III. Discussion

### A. Plaintiff's Complaint[7]

Plaintiff asserts that defendants have "engag[ed] in a pattern of harassment, property damage, physical threats, and unlawful surveillance" of her "prior residence located at 21 Lincoln Ave., Syracuse, NY." Dkt. No. 1 at 1. Plaintiff contends that (1) "[o]n multiple occasions throughout 2023, [d]efendants engaged in harassing behavior, including loud disturbances, verbal threats, and attempts to intimidate [her] and her son"; (2) on an unspecified date, defendants "unlawfully entered [her] home, causing damage and creating a hazardous environment by throwing snow and salt indoors"; (3) "Wagner brandished a firearm in a threatening manner towards [her] son, William Kerr, resulting in a protective order and a guilty plea"; and (4) "[d]efendants installed unauthorized surveillance cameras pointed directly at [her] front and side doors, capturing her and her son without consent and making them feel unsafe and constantly watched in violation of

---

[7] Plaintiff included two attachments with her complaint. *See* Dkt. Nos. 1-1, 1-2. These attachments have also been reviewed in connection with the initial review of plaintiff's complaint. *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint.") (internal quotation marks and citations omitted).

their privacy." Dkt. No. 1 at 1. Plaintiff also contends that "[d]espite numerous police reports and complaints, the landlord [of her home] refused to intervene or provide protection." *Id*. at 2.

Plaintiff claims that she and her son have suffered "emotional distress, fear, and property damage" and she seeks compensatory damages exceeding $25,000, punitive damages, court costs and filing fees, "[i]njunctive relief prohibiting future harassment or surveillance," and "[a]ny other relief deemed just and proper by the Court." Dkt. No. 1 at 1-2. Plaintiff also requests that her current home address not be added to "any and all documents going to [d]efendants as they have already threatened [her] and [her] sons (sic) life [with] a gun and [she] had to get a protection order in [the] past." Dkt. No. 1-1.

B. **Analysis**[8]

---

[8] The undersigned notes that plaintiff checked the box for "other civil rights" on the civil cover sheet. Dkt. No. 1-2. However, plaintiff's complaint does not suggest that Wagner and Tanner violated her constitutional rights, that she seeks to proceed pursuant to 42 U.S.C. § 1983, or that Wagner or Tanner are state actors, acting under the color of state law or conspiring with state actors. *See generally* Dkt. No. 1. *See Gerken v. Gordon*, No. 1:24-CV-435 (MAD/CFH), 2024 WL 4608307, at *11 (N.D.N.Y. Oct. 29, 2024), *report and recommendation adopted,* No. 1:24-CV-435 (MAD/CFH), 2024 WL 5001402 (N.D.N.Y. Dec. 6, 2024) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); *Strong v. New York*, No. 1:19-CV-63 (MAD/CFH), 2019 WL 1763010, at *7 (N.D.N.Y. Apr. 22, 2019), *report and recommendation adopted,* No. 1:19-CV-63 (MAD/CFH), 2019 WL 2723372 (N.D.N.Y. July 1, 2019) (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 152 (1970)) ("There is no indication in the complaint that [the defendant] was a 'willful participant in joint activity with the State or its agents,' as is required in order for the Court to find that a private party has engaged in state action."). Rather, the complaint makes clear that Wagner and Tanner are private parties, acting alone, and their activities are not attributable to the state. *See Gerken*, 2024 WL 4608307, at *11 (quoting *Yi Sun v. Saslovsky*, No. 1:19-CV-10858 (LTS), 2020 WL 6828666, at *7 (S.D.N.Y. Aug. 6, 2020) (citing *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013)) ("Private parties generally are not state actors and therefore are not usually liable under [§] 1983."); *Basile v. Connolly*, 538 F. App'x 5, 7 (2d Cir. 2013) (summary order) ("[P]rivate individuals . . . cannot be sued under 42 U.S.C. § 1983 absent a plausible allegation that they acted under color of state law."). Moreover, even if, *arguendo*, plaintiff were able to amend to demonstrate that Wagner and Tanner are state actors or are participating in a conspiracy with state actors and that their conduct violated a constitutional right, plaintiff's claims must still fail, because, as discussed below, the Court lacks subject matter jurisdiction to initiate criminal investigations or prosecutions, issue or enforce orders of protection, or direct a state court to do the same. *See infra* at 7-9.

1. **Subject Matter Jurisdiction**[9]

Reading plaintiff's complaint liberally and affording her due solicitude, it appears that plaintiff is asking the Court to criminally prosecute Wagner and Tanner for their actions against her and her son, enforce a protective order a state court previously issued against Wagner, or prosecute its alleged violation. *See* Dkt. No. 1 at 1-2; *see also Triestman*, 470 F.3d at 475 ("This policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'") (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). Federal jurisdiction is only available when a "federal question" is presented, 28 U.S.C. § 1331, or the plaintiff and all defendants are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. When a court lacks subject matter jurisdiction, dismissal is mandatory. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

This Court has neither the jurisdiction to initiate the arrest or prosecution of any citizen nor the ability to enforce, or otherwise impose consequences for, a violation of an order of protection entered by a state court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a

---

[9] In additional to jurisdictional bars discussed herein, plaintiff's threadbare complaint fails to satisfy the pleading requirements of Rule 8 and does not provide "fair notice of the claim[s] being asserted" against Wagner and Tanner such that they would have an adequate opportunity to file an answer and "prepare an adequate defense." *Flores*, 189 F.R.D. at 55; FED. R. CIV. P. 8(a)(2).

judicially cognizable interest in the prosecution or nonprosecution of another."); *McFadden v. Ortiz*, 5:12-CV-1244 (MAD/ATB), 2013 WL 1789593, at *3 (N.D.N.Y. Apr. 26, 2013) ("[T]here is no private right of action to enforce either state or federal criminal statutes."). "Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions and they are 'immune from control or interference by citizen or court . . . .'" *Colon v. Lopez*, No. 1:23-CV-5771 (LTS), 2023 WL 5530698, at *2 (S.D.N.Y. Aug. 28, 2023) (quoting *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972)).  To the extent plaintiff may be seeking this Court to direct a state court to issue a new order of protection or enforce an existing order of protection on her behalf against Wagner and Tanner, "this court cannot provide the relief he seeks because federal courts cannot compel state-court action[.]"  *Todie-Reyes v. Orellana*, No. 21-CV-10444 (LTS), 2022 WL 2819599, at *2 (S.D.N.Y. July 18, 2022) (citing *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988)).

Moreover, should plaintiff's complaint be interpreted as seeking this Court to enter an order of protection against Wagner and Tanner, such request does not arise under federal law and there is no underlying matter over which this Court has jurisdiction.  *See, e.g.*, *Rice v. Rice*, 10-CV-2002, 2010 WL 2090088, at *3 (D. Minn. May 21, 2010) (finding that petition for order of protection did not arise under federal law pursuant to 28 U.S.C. § 1331 and remanding to state court for lack of subject matter jurisdiction); *see Araman v. Real Est. Bd. of New York*, No. 21-CV-8397 (RA), 2022 WL 1443320, at *4 (S.D.N.Y. May 6, 2022) ("Plaintiff does not have standing to seek criminal sanctions or an order of protection from this Court."); *McCaffrey v. Gatekeeper USA, Inc.*, No. 14-CV-493 (VSB),

2023 WL 2945799, at *1 (S.D.N.Y. Apr. 14, 2023) (quoting *Briglin v. Baker,* No. 15-CV-6162L, 2018 WL 4692459, at *8 (W.D.N.Y. Oct. 1, 2018) ("In fact, 'it is far from clear that federal courts have the authority to issue orders of protection.'")). As plaintiff has failed to set forth any claim "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, she fails to establish that the existence of federal question jurisdiction.

Accordingly, to the extent that plaintiff seeks to have the Court initiate a criminal investigation or criminal prosecution, arrest the defendants, issue an order of protection, direct a state court to enter or otherwise enforce an order of protection issued by a state court, the undersigned recommends dismissing that part of plaintiff's complaint be dismissed without prejudice and without leave to amend for lack of subject matter jurisdiction. *See Gerken*, 2024 WL 4608307, at *7 (citing *Abadi v. City of New York*, 22-CV-1560, 2023 WL 3295949, at *3 n.3 (2d Cir. May 8, 2023) (summary order)) ("Because the Court lacks subject matter jurisdiction . . . the amended complaint should be dismissed without prejudice."); *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 116 (2d Cir. 2017) ("[A] complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction[.]")).

### 4. **Diversity Jurisdiction**

Plaintiff's complaint, liberally read, also seeks to proceed against defendants under New York state law for property damage.[10] *See* Dkt. No. 1 at 1. However, plaintiff fails

---

[10] "In New York, a plaintiff can assert a tort claim for property damage." *Davis v. Horton*, No. 23-CV-00885 (JPC) (VF), 2025 WL 539658, at *8 (S.D.N.Y. Jan. 27, 2025), *report and recommendation adopted,* No. 23 CIV. 885 (JPC) (VF), 2025 WL 522486 (S.D.N.Y. Feb. 18, 2025) (citing *Lippes v. Atl. Bank,* 69 A.D.2d 127, 140 (N.Y. App. Div. 1979) ("An action based upon an alleged injury to property is one sounding in tort.")). Under New York law, the statute of limitations for property damage claims in New York is three years and the cause of action accrues from when the alleged damage becomes apparent. *See* N.Y. C.P.L.R. 214(4); *see also Russell v. Dunbar*, 40 A.D.3d 952, 953 (2d Dep't 2007) (first citing N.Y. C.P.L.R. 214(4), then

9

to demonstrate diversity jurisdiction. The undersigned observes that plaintiff is a citizen of New York. *See* Dkt. No. 1 at 1; Dkt. No. 1-2 at 1. On plaintiff's request for service from, she lists defendants' address as 210 Lincoln Avenue, Syracuse, New York 13202. *See* Dkt. No. 2-2. As such, all parties are residents of New York State. Plaintiff has, therefore, failed to establish complete diversity of the parties. *See Dix v. Peters*, No. 5:19-CV-1199 (GLS/ATB), 2020 WL 3792002, at *1 (N.D.N.Y. July 7, 2020) (quoting *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001)) ("The party seeking to invoke diversity jurisdiction 'bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'"); *Stabb v. Syracuse Police Dep't*, No. 5:25-CV-280 (ECC/PJE), 2025 WL 3005435, at *1 (N.D.N.Y. Oct. 7, 2025), *report and recommendation adopted,* No. 5:25-CV-280 (ECC/PJE), 2025 WL 3003450 (N.D.N.Y. Oct. 27, 2025) (citing *Hamm v. United States*, 483 F.3d 135 (2d Cir. 2007)) ("Even pro se plaintiffs must establish that the Court has subject matter jurisdiction, either through federal question jurisdiction, which occurs when a federal question is presented, 28 U.S.C. § 1331, or through diversity jurisdiction, which is when the plaintiff and all defendants are of diverse citizenship and the amount involved is greater than $75,000, 28 U.S.C. § 1332."); *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998)) (Diversity jurisdiction requires that "all of the adverse parties in a suit . . . be completely diverse with regard to citizenship."); *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) ("Diversity is not complete if any

---

quoting *Alamio v. Town of Rockland,* 302 A.D.2d 842 (2d Dep't 2007)); *Williams v. Dow Chem. Co.*, No. 01 CIV. 4307 (PKC), 2004 WL 1348932, at *3 (S.D.N.Y. June 16, 2004) (quoting *Gianakakos v. Commodore Home Systems, Inc.,* 285 A.D.2d 907 (3d Dep't 2001)) ("CPLR §[] 214(4) . . . respectively provide[s] that 'an action to recover damages for injury to property' . . . must 'be commenced within three years.' The three-year period applies to claims in both negligence and strict liability.").

plaintiff is a citizen of the same state as any defendant." (citation omitted)). Further, plaintiff does not allege that the amount in controversy is $75,000.00 or greater; rather, she states that she is seeking "compensatory damages exceeding $25,000," without any further specification. Dkt. No. 1 at 2. Regardless, as plaintiff has not demonstrated complete diversity of citizenship – as she and defendants are all citizens of New York State.

### IV. **Leave to Amend**

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Romano v. Lisson*, 711 F. App'x 17, 19 (2d Cir. 2017) (summary order) (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quotation omitted)). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Here, plaintiff has failed to demonstrate this Court's subject matter jurisdiction, through federal question jurisdiction. Plaintiff's claims seeking the Court initiate a criminal investigation or criminal prosecution, arrest the defendants, issue an order or protection, or otherwise enforce an order of protection issued by a state court are barred by the Court's lack of subject matter jurisdiction. Similarly, plaintiff cannot establish diversity jurisdiction as she and defendants are all citizens of the same state. As she cannot cure the defects in an attempt at demonstrating either federal question jurisdiction or diversity jurisdiction, it is recommended that this case be dismissed without prejudice and without

leave to amend for lack of subject matter jurisdiction.[11] *See Edwards*, 388 F. Supp. 3d at 144-45 (quoting *Cuoco*, 222 F.3d at 112).

## IV. Conclusion

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's complaint (dkt. no. 1) be **DISMISSED without prejudice and without leave to amend** for lack of subject matter jurisdiction;[12]

**RECOMMENDED**, that plaintiff's motion to compel discovery, for injunctive relief, and for an expedited schedule (Dkt. No. 4) be **DISMISSED as moot**; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation & Order, plaintiff be given thirty days from the filing date of the District Judge's Order adopting this Report-Recommendation and Order to file an amended complaint, and if the plaintiff does not so file pursuant to that Decision & Order, the action may be closed without need for further order of the Court, and if plaintiff does so file, the amended complaint be noticed for substantive sufficiency review pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

---

[11] The recommendation is without prejudice to plaintiff seeking to apply for an order of protection in the appropriate state court or state-court review of any alleged violations of state-court orders of protection; however, the undersigned reaches no conclusion as to the likelihood of success or the merits of such ventures.

[12] "A dismissal for lack of subject matter jurisdiction must be without prejudice, because without jurisdiction, the district court lacks the power to adjudicate the merits of the case." *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at *2 (2d Cir. Sept. 15, 2022) (summary order) (internal quotations omitted) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016)).

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**.  See *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[13]

Dated: January 27, 2026
Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge

---

[13] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).