UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HOLLY JARVIS,

                              Plaintiff,                       5:25-cv-00647 (BKS/PJE)

v.

ANTHONY WAGNER and AMANDA TANNER,

                              Defendants.
_____

**Appearances:**

*Plaintiff Pro Se:*
Holly Jarvis

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

In May 2025, Plaintiff pro se Holly Jarvis brought this action against Defendants Anthony Wagner and Amanda Turner, who she says engaged "in a pattern of harassment, property damage, physical threats, and unlawful surveillance." (Dkt. No. 1, at 1). This matter was referred to United States Magistrate Judge Paul J. Evangelista for an initial review pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 72.3(d). On January 27, 2026, Magistrate Judge Evangelista issued a Report-Recommendation and Order granting Plaintiff's motion to proceed in forma pauperis and recommending that the complaint be dismissed without prejudice for lack of subject matter jurisdiction and without leave to amend.[1] (Dkt. No. 7, at 12). The Report-Recommendation instructed Plaintiff that failure to object within 14 days would preclude

---

[1] The Court notes that, despite recommending dismissal without leave to amend, the Report-Recommendation also recommended that the Court afford Plaintiff 30 days to file an amended complaint. (Dkt. No. 7, at 12).

appellate review. (*Id.* at 13 & n.13 (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 6(a), 6(d), 72)); *see Small v. Sec'y Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). Plaintiff failed to timely file objections, so the Court has reviewed the Report-Recommendation for clear error. *See Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025). Upon such review, the Report-Recommendation is rejected in part and adopted in part.

The Court adopts the Report-Recommendation's description of the factual allegations in Plaintiff's two-page complaint. (Dkt. No. 7, at 5–6).

**II.    DISCUSSION**

In reviewing the Report-Recommendation, the Court accepts as true the complaint's well-pleaded factual allegations to determine whether Plaintiff has "state[d] a claim to relief that is plausible on its face." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Milan v. Wertheimer*, 808 F.3d 961, 963 (2d Cir. 2015) (per curiam). And in light of Plaintiff's pro se status, the Court liberally construes her complaint and other submissions. *See, e.g.*, *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).

**A.    The Report-Recommendation**

As an initial matter, the Court agrees with Magistrate Judge Evangelista that, to the extent Plaintiff intended to assert only state law claims, the Court lacks diversity jurisdiction. (Dkt. No. 7, at 9–11). "Two requirements must be met for diversity jurisdiction: (1) the amount in controversy in the case must exceed $75,000 and (2) the case must be between 'citizens of different States' . . . , such that there is complete diversity of citizenship between every plaintiff and every defendant." *Windward Bora LLC v. Browne*, 110 F.4th 120, 125–26 (2d Cir. 2024) (quoting 28 U.S.C. § 1332(a)(1)). Here, Plaintiff's complaint reflects that she is a New York

citizen, and her request for service reflects that Defendants too are New York citizens.[2] (Dkt. No. 1, at 1; Dkt. No. 2-2, at 1). Without complete diversity, the Court lacks subject matter jurisdiction over any state law claims. Accordingly, such claims must be dismissed without prejudice. *See Katz v. Donna Karan Co.*, 872 F.3d 114, 121 (2d Cir. 2017).

The remainder of the Report-Recommendation interpreted the complaint to request a criminal prosecution and other relief related to a state order of protection. (Dkt. No. 7, at 6 n.8, 7–9). The magistrate judge recommended dismissal because federal courts lack jurisdiction to "initiate a criminal investigation or criminal prosecution, arrest the defendants, issue an order of protection, [or] direct a state court to enter or otherwise enforce an order of protection issued by a state court." (*Id.* at 9). The Court disagrees with that interpretation of the complaint.

To be sure, the complaint alleges that Wagner previously pleaded guilty to a crime and had a protective order imposed against him, presumably in state court. (*See* Dkt. No. 1, at 1). But the specific relief Plaintiff seeks is compensatory and punitive damages, "[i]njunctive relief prohibiting future harassment or surveillance," and costs. (*Id.* at 2). Nowhere does she request that the Court initiate a criminal prosecution, a power it clearly lacks. (*See id.* at 1–2). And construing the complaint to make that request would be inconsistent with the Second Circuit's instruction to interpret pro se "submissions to raise the strongest arguments they suggest." *Diaz v. Kopp*, 146 F.4th 301, 305 (2d Cir. 2025) (quoting *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam)). As to any protective order-related relief, the Court interprets Plaintiff's request for "court orders for protection and redress" as encompassed within her request for "[i]njunctive relief prohibiting future harassment or surveillance." (Dkt. No. 2, at 2). Thus, the

---

[2] In assessing its subject matter jurisdiction, the Court may consider documents outside the complaint. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Court does not lack subject matter jurisdiction for the reasons stated by the Report-Recommendation.

Instead, the Court considers whether the complaint raises 42 U.S.C. § 1983 claims, over which the Court has federal question jurisdiction. *See* 28 U.S.C. § 1331. The Report-Recommendation declined to recognize any § 1983 claims, reasoning that the complaint did not "not suggest that Wagner and Tanner violated [Plaintiff's] constitutional rights, that she seeks to proceed pursuant to 42 U.S.C. § 1983, or that Wagner or Tanner are state actors, acting under the color of state law or conspiring with state actors." (Dkt. No. 7, at 6 n.8). The complaint, the Report-Recommendation concluded, made "clear that Wagner and Tanner are private parties, acting alone, and their activities are not attributable to the state." (*Id.*). But the sparse, two-page complaint does not explain Plaintiff's relationship with Defendants. And in any event, these defects go to the merits—they do not implicate the Court's subject matter jurisdiction.[3]

Although the complaint did not specifically cite § 1983, Plaintiff checked the "Other Civil Rights" box in the section of her civil cover sheet describing the nature of her suit. (Dkt. No. 1-2, at 1). And the factual allegations—liberally construed—could theoretically constitute non-frivolous § 1983 claims under the Fourth Amendment or other constitutional provisions, had they been properly pled. *See Tracy*, 623 F.3d at 101; *cf. Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (explaining that a complaint is frivolous only "where it lacks an arguable basis either in

---

[3] The Report-Recommendation further reasoned that:

> even if, *arguendo*, plaintiff were able to amend to demonstrate that Wagner and Tanner are state actors or are participating in a conspiracy with state actors and that their conduct violated a constitutional right, plaintiff's claims must still fail, because . . . the Court lacks subject matter jurisdiction to initiate criminal investigations or prosecutions, issue or enforce orders of protection, or direct a state court to do the same.

(Dkt. No. 7, at 6 n.8). But as discussed above, the Court does not construe the complaint to seek this relief. And even were it to do so, Plaintiff's requests for compensatory and punitive damages would remain. (*See* Dkt. No. 1, at 2).

4

law or in fact"). But, as Magistrate Judge Evangelista noted, to state a claim under § 1983, a plaintiff must allege that Defendants were "state actors or private parties acing 'under the color of' state law," and there are no such allegations in this complaint. *See Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014) (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)). Thus, to the extent Plaintiff intended to assert § 1983 claims, they do not survive § 1915(e)(2) review.[4]

However, the Court will afford Plaintiff an opportunity to submit an amended complaint curing these deficiencies. There is some possibility, however unlikely, that Defendants were state actors who violated Plaintiff's constitutional rights—the complaint does not shed light on this issue, one way or the other. And courts "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives *any* indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (emphasis added) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam)).

### B.     Instructions for Filing an Amended Complaint

The Court will allow Plaintiff an opportunity to file an amended complaint, clearly setting forth the specific factual allegations underlying any § 1983 claims, within thirty (30) days of the date of this Order. Should Plaintiff assert § 1983 claims, the Court may have supplemental jurisdiction over related state law claims. *See* 28 U.S.C. § 1367(a). Accordingly, the Court will also permit Plaintiff to include in her amended complaint any related state law claims she wishes to assert in addition to her § 1983 claims. *Cf. Long v. Byrne*, 146 F.4th 282, 301 (2d Cir. 2025).

---

[4] The Court also notes that the complaint's bare and conclusory allegations that do not describe in detail the alleged harassment, threats, and surveillance are insufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Any amended complaint will entirely replace the existing complaint and must be a wholly integrated and complete pleading not combined with any other document. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). It also must not rely upon or incorporate by reference any pleading or document previously filed with the Court, including the existing complaint. Instead, the amended complaint itself must contain all the specific factual allegations Plaintiff wishes the Court to consider in connection with her state and federal claims, especially those relevant to whether Defendants were state actors or otherwise acting under color of state law.

## III. CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 7) is **REJECTED in part** and **ADOPTED in part** as set forth above; and it is further

**ORDERED** that any state law claims Plaintiff sought to assert are **DISMISSED without prejudice** for lack of subject matter jurisdiction; and it is further

**ORDERED** that any claims Plaintiff sought to assert under 42 U.S.C. § 1983 are **DISMISSED without prejudice**, and Plaintiff may file an amended complaint asserting those claims, as well as any related state law claims, within **thirty (30) days** of the date of this Order, in accordance with the instructions set forth above; and it is further

**ORDERED** that, if Plaintiff fails to file an amended complaint within that time, the Clerk is respectfully directed to enter judgment and close this case without further order; and it is further

**ORDERED** that Plaintiff's motion concerning discovery, seeking injunctive relief, and requesting an expedited schedule (Dkt. No. 4) is **DENIED** as moot; and it is further

**ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal at this stage would not be taken in good faith.

**IT IS SO ORDERED.**

February 17, 2026
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge